■ IRENE DITIMIS et al., Appellants, v. DIMITRIOS M. VLACHOS et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from three orders of the Supreme Court, Queens County, (1) the first dated May 18, 1972, denying their motion for leave to serve and file a supplemental bill of particulars, to increase the *ad damnum* clause to $100,000 and to transfer the action from the Civil Court of the City of New York, Queens County, to the Supreme Court, Queens County; (2) the second, dated June 29, 1972, denying their motion to reargue the motion which resulted in the May 18, 1972 order; and (3) the third, dated May 2, 1973, denying their further motion for the relief originally sought, on new facts. Appeal from order dated June 29, 1972 dismissed. No appeal lies from an order denying a motion for reargument of a prior motion. Orders dated May 18, 1972 and May 2, 1973 reversed and motions upon which they were made granted. Appellants are awarded one bill of $20 costs and disbursements jointly against respondents appearing separately and filing separate briefs, to cover all the appeals. The denials of the motions by the orders dated May 18, 1972 and May 2, 1973 constituted improvident exercise of discretion. The motion papers followed the rules set forth by this court in *London* v. *Moore* (32 A D 2d 543), because they contained (1) a proper showing by a doctor's affidavit of (a) a causal connection between the injury and the accident and (b) a consistent course of treatment for the accident-caused injuries and (2) an affidavit by plaintiff Irene Dimitis showing the merits of the case, the reasons for the delay and the fact that the *ad damnum* increase is warranted by reason of facts which recently came to the attention of plaintiffs and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of plaintiffs (*Koi* v. *P. S. & M. Catering Corp.,* 15 A D 2d 775, 776). Gulotta, P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.